# **EXHIBIT A**

FILED
10-08-2020
John Barrett
Clerk of Circuit Court
2020CV005980
Honorable David
Swanson-11
Branch 11

Received By
UCB
OCT 14 2020
CO2LLYUB
81842422
3:44pm

STATE OF WISCONSIN      CIRCUIT COURT      MILWAUKEE COUNTY

CIVIL DIVISION

NICOLE MARKOVIC,
3611 South 16th Street
Milwaukee, WI 53221,

            Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,
5620 Southwyck Boulevard
Toledo, OH 43614,

            Defendant.

**COMPLAINT**

Case No.:_____
Classification Code: 30301

**Jury Trial Demanded**

---

COMES NOW Plaintiff Nicole Markovic, by Plaintiff's Attorneys, Ademi LLP, and for a cause of action, states as follows:

## INTRODUCTION

1.    This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2.    The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis. Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in Wisconsin. Venue in Milwaukee County is proper because the claim arose in Milwaukee County, and Defendant attempted to collect a debt in connection with a consumer transaction that occurred in Milwaukee County. Wis. Stat. §§ 801.50; 421.401(1)(a) ("The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county: … Where the customer resides ….").

## PARTIES

3.      Plaintiff Nicole Markovic is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5.      Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the debt Defendant sought to collect from Plaintiff was incurred as a result of a consumer transaction.

6.      Defendant United Collection Bureau, Inc. ("UCB") is a foreign corporation with its principal offices located at 5620 Southwyck Boulevard, Toledo, OH 43614.

7.      UCB is licensed as a "Collection Agency" pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-BKG 74.

8.      UCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      UCB is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

10.     UCB is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat § 427.103(3).

## FACTS

11.     On or about January 9, 2020, UCB mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "JP Morgan Chase Bank, N.A." ("Chase"). A copy of this letter is attached to this complaint as Exhibit A.

2

12.    Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card, which was used only for personal, family, and household purposes.

13.    Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

14.    Upon information and belief, Exhibit A is a form debt collection letter used by Defendant to attempt to collect alleged debts.

15.    Upon information and belief, Exhibit A is the first written communication UCB mailed to Plaintiff regarding the alleged debt referenced in Exhibit A.

16.    Exhibit A includes the following representations:

> 1.  Settlement Offer Number 13778518 - Single Payment Offer
>     Total Settlement Amount $1,023.00

United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 13778518 in the event that payment for the full settlement amount of $1,023.00 is received by January 23, 2020. We are not obligated to renew this offer.

> 2.  Settlement Offer Number 13778519 - Multiple Payment Offer Over two months
>     Total Settlement Amount $1,150.88

United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 13778519 in the event that payment in the amount of $575.44 is received by the 23rd of this month, and one additional payment of $575.44 is received by the 23rd calendar day of the next month. We are not obligated to renew this offer.

> 3.  Settlement Offer Number 13778520 - Multiple Payment Offer Over six months
>     Total Settlement Amount $1,278.76

United Collection Bureau, Inc. will accept the settlement amount stated for Settlement Offer Number 13778520 in the event that the payment in the amount of $213.11 is received by the 23rd of this month, and five additional payments of $213.13 are received by the 23rd calendar day of each of the next five months. We are not obligated to renew this offer.

If you wish to accept any of these offers, please contact our office to establish a payment method and date, or dates, or mail a copy of this letter together with your payment, or payments, to the below payment address. If you choose to mail your payment or payments, please ensure you write the settlement offer number for the offer you have chosen and your reference number, 81842422, on the memo line of your payment instrument or instruments. You may pay any offered settlement on an accelerated basis. All offers are contingent upon clearance of funds.

17.    Exhibit A further states that UCB is "not obligated to renew this offer" for each of the offers.

18.    Upon information and belief, the representation that settlement pursuant to the two-month offer (Option 2) or the six-month offer (Option 3) is contingent on the first payment being received by January 23, 2020 and additional payments being received by the 23rd calendar day of

3

subsequent months and that Defendant "is not obligated to renew" these offers is false, deceptive, misleading, and confusing to the unsophisticated consumer.

19.     The unsophisticated consumer would understand the representation that Options 2 and 3 are contingent on the first payment and subsequent payments being received by the stated dates certain to mean that the debt collector intended to avoid honoring the settlement anytime the consumer tendered a late payment.

20.     Upon information and belief, the consumer would have the option to cure any late payment as a matter of course. *See, e.g., Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) (explaining that debt collectors frequently renew settlement offers).

21.     Upon information and belief, Defendant does not actually cancel settlement plans because the consumer's first payment or a subsequent payment is received a few days late.

22.     Moreover, the consumer has the option to cure any late payment pursuant to Option 3 as a matter of law.

23.     Option 3 is permitted by agreement to be made in more than four installments, and is thus a "consumer credit transaction" under Wisconsin law. *See,* Wis. Stat. §§ 421.301(10), 421.301(30).

24.     Under Wisconsin law, the consumer has a "Right to Cure" any default arising from late payment under a consumer credit transaction before the debt collector or collection agency can accelerate the maturity of that transaction. *See,* Wis. Stat. §§ 425.104, 425.105.

25.     The forbearance contemplated in Option 3 in Exhibit A is a "consumer credit transaction."

26.     The underlying debt is a standard credit card account. It is a "loan" as defined by Wis. Stat. § 421.301(23).

4

27.     Defendant is a "lender" as defined by Wis. Stat. § 421.301(22) because it is a merchant that is regularly engaged in the business of making consumer loans or forbearing debts arising from consumer loans. Wis. Stat. §§ 421.301(22) and 421.301(25).

28.     The forbearance contemplated in Exhibit A is forbearance of a debt arising from a loan. Wis. Stat. § 421.301(23).

29.     The forbearance contemplated in Exhibit A is forbearance by "lender" of a debt arising from a loan because the creditor is agreeing to forbear the loan. Wis. Stat. § 421.301(23).

30.     A consumer who entered into the forbearance contemplated in Exhibit A would have the right to cure any alleged default in complying with the payment plan contemplated by Exhibit A prior to re-acceleration of the debt. Wis. Stat. §§ 425.103, 425.104.

31.     The terms of a forbearance agreement may provide that the consumer tender payments by a date certain but the failure to explain in Exhibit A that the consumer would have the opportunity to cure any default under the payment plan and Defendant is "not obligated to renew" the offer is confusing and misleading to the unsophisticated consumer.

32.     Once Defendant enters into a settlement arrangement like Option 3 in Exhibit A with a consumer, Defendant cannot and does not terminate the settlement arrangement simply because payment is received a day or two late. Indeed, the consumer is not even in "default" under Wisconsin law for forty days after the scheduled due date for the first payment. Wis. Stat. § 425.103(2)(a).

33.     Upon information and belief, Defendant does not terminate settlement arrangements like the one contemplated in Exhibit A until after the giving the consumer an opportunity to cure the consumer's default.

34.     Plaintiff was confused and misled by Exhibit A.

5

35.    The unsophisticated consumer would be confused and misled by Exhibit A.

### *The FDCPA*

36.    The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Neeley v. Portfolio Recovery Assocs., LLC*, 268 F. Supp. 3d 978, 982 (S.D. Ind. Aug. 2, 2017) ("[N]othing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer standing under Article III.") (alteration in original) (quoting *Saenz v. Buckeye Check Cashing*, 2016 U.S. Dist. LEXIS 127784, at *5 (N.D. Ill. Sep. 20, 2016); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes*

6

*v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

37.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

7

Case 2:20-cv-01680-SCD   Filed 11/06/20   Page 8 of 15   Document 1-1

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

38.     Misrepresentations of the character, amount or legal status of any debt, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.*, 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt.*, Inc., 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019) ("the receipt of a communication misrepresenting the character of the debt (here, the amount owed) is the kind of injury that Congress sought to prevent through the FDCPA. 'Such an injury falls squarely within the ambit of what Congress gave consumers in the FDCPA: 'a legally protected interest in certain information about debts,' with 'deprivation of information about one's debt (in a communication directed to the plaintiff consumer) a cognizable injury.''' (internal citations omitted); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

39.     15 U.S.C. § 1692e generally prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt."

8

40.     15 U.S.C. § 1692e(2)(A) specifically prohibits: "The false representation of — the character, amount, or legal status of any debt."

41.     15 U.S.C. § 1692e(5) specifically prohibits debt collectors from making a "threat to take any action that cannot legally be taken or that is not intended to be taken."

42.     15 U.S.C. § 1692e(10) specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43.     15 U.S.C. § 1692g(a) states:

(a) **Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

44.     The failure to disclose the information required by 15 U.S.C. § 1692g(a) in a non-confusing manner *per se* violates the FDCPA. No additional materiality inquiry is necessary. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016).

45.     15 U.S.C. § 1692g(b) states, in relevant part: "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

### The WCA

9

46.     The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

47.     The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.*, 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

48.     To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

49.     "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

50.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

51.     The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats.

10

§§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

52.    Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

53.    Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

54.    Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer … in such a manner as can reasonably be expected to threaten or harass the customer."

55.    Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

56.    Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

57.    Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

58.    The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair

11

Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## COUNT I – FDCPA

59.   Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

60.   Exhibit A includes false representations that Defendant cancels the settlement plan upon any late payment by the consumer.

61.   Once the consumer enters into Option 3, Defendant cannot immediately cancel the agreement for a late payment without providing notice of the consumer's right to cure the default.

62.   Defendant violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

## COUNT II – WCA

63.   Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

64.   Exhibit A includes false representations that Defendant cancels the settlement plan upon any late payment by the consumer.

65.   Once the consumer enters into Option 3, Defendant cannot immediately cancel the agreement for a late payment without providing notice of the consumer's right to cure the default.

66.   Defendant violated Wis. Stat. §§ 427.104(1)(j) and 427.104(1)(L).

## CLASS ALLEGATIONS

67.   Plaintiff brings this action on behalf of a class consisting of: (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or

household purposes, (d) between October 8, 2019 and October 8, 2020, inclusive, (e) that was not returned by the postal service.

68.     The class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of each class.

69.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether Defendant complied with the FDCPA and WCA.

70.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

71.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

72.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

73.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     declaratory relief;

(b)     injunctive relief;

(c)     actual damages;

(d)     statutory damages;

(e)     attorneys' fees, litigation expenses and costs of suit; and

13

(f)    such other or further relief as the Court deems proper.

Dated: October 8, 2020

**ADEMI LLP**

By:    *Electronically signed by John D. Blythin*
       John D. Blythin (SBN 1046105)
       Mark A. Eldridge (SBN 1089944)
       Jesse Fruchter (SBN 1097673)
       Ben J. Slatky (SBN 1106892)
       3620 East Layton Avenue
       Cudahy, WI 53110
       (414) 482-8000
       (414) 482-8001 (fax)
       jblythin@ademilaw.com
       meldridge@ademilaw.com
       jfruchter@ademilaw.com
       bslatky@ademilaw.com

14
