UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICOLE MARKOVIC,

                Plaintiff,

v.                                                  Case No. 20-cv-1680-bhl

UNITED COLLECTION BUREAU INC,

                Defendant.

---

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT

---

      On October 8, 2020, Plaintiff Nicole Markovic filed this action in Milwaukee County alleging Defendant United Collection Bureau Inc. violated various provisions of the Fair Debt Collection Practices Act and the Wisconsin Consumer Act. The complaint alleges that United violated the FDCPA and WCA by sending Markovic a collection letter offering potential settlement options that stated, among other things, that United was "not obligated to renew" the settlement offers presented in the letter. (ECF No. 1-1 ¶¶16-17.)

      On November 6, 2020, United filed a Notice of Removal, removing the case to this Court based on the alleged existence of federal question jurisdiction under 28 U.S.C. §1453(b). Shortly after removal, on November 27, 2020, United filed a Motion to Dismiss with prejudice. In its motion, United argued that the complaint should be dismissed on the merits because the challenged language was legally proper under *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007), and *Schmeling v. United Collection Bureau, Inc.*, Case No. 20-cv-00768-WCG, 2020 WL 6382676 (E.D. Wis. Oct. 30, 2020). United also argued for dismissal based on a lack of standing. Citing *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016), and *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019), United insisted that Markovic had not alleged that she suffered an injury in fact, as required for Article III standing.

      On December 17, 2020, Markovic responded to the motion to dismiss with a Motion to Remand the case back to state court. Markovic noted that United was the party that had brought

the case to federal court and, in doing so, had asserted that the Court had subject matter jurisdiction. She argued that United's standing argument was fundamentally inconsistent with its having removed the case to federal court. In response to the motion to remand, United asked to withdraw its standing objection and asked the Court for a dismissal on the merits.

At a March 5, 2020 hearing on the Motions to Dismiss and Remand, counsel presented argument in support of their respective positions. Counsel for United acknowledged that the Court had an independent duty to confirm subject matter jurisdiction over the case, including a duty to examine whether Markovic had Article III standing. Thus, United's withdrawal of any standing argument did not remove the Court's obligation to address standing. Counsel further acknowledged that United continued to believe that the complaint failed to allege an injury in fact sufficient to create standing. Counsel for Markovic initially declined to take a position on the injury-in-fact issue, but ultimately admitted he could not in good faith argue the Plaintiff suffered a concrete and particularized injury in fact.

Based on the record, the Court has no choice but to remand the case to state court. As Counsel acknowledged, the Court has an independent duty to examine standing and jurisdiction. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998) (explaining Court's independent duty to assure itself of Article III standing). The record establishes that this Court has no jurisdiction over the complaint because Markovic's allegations are insufficient to create an actual case or controversy sufficient to satisfy the standing requirements of Article III.

As both parties acknowledge, the complaint does not plausibly allege that Markovic suffered any concrete and particularized injury sufficient to create Article III standing. *See Spokeo,* 136 S. Ct. at 1549; *Casillas*, 926 F.3d at 333. Indeed, even if she were given the chance to amend, it is hard to imagine how she could possibly allege any actual injury. She simply alleges receipt of a letter that states the indubitably correct statement that United was not obligated to renew the settlement offers presented in the letter. This language was confirmed to be lawful by the Seventh Circuit in *Evory,* 505 F.3d at 775-76. Given its legal accuracy, the statement is likely also protected commercial speech and cannot be unlawful consistent with the First Amendment.

Regardless, the admitted absence of even an allegation of a legitimate injury in fact means that this Court cannot enter a dismissal on the merits. *See Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel,*

2

*P.C.*, 982 F.3d 1069 (7th Cir. 2020). And the lack of subject matter jurisdiction requires a remand to state court. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Whether a plaintiff who has not suffered an injury in fact can proceed in that forum under Wisconsin standing rules is for the state court to decide. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to State Court (ECF No. 5) is GRANTED. Plaintiff's request for an award of fees and costs is denied. This case is remanded to Milwaukee County Circuit Court pursuant to 28 U.S.C. §1447(c). The Clerk of Court is directed to send a certified copy of this Remand Order and a certified copy of the docket to the Clerk of Milwaukee County Circuit Court.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 4) is DENIED as moot.

Dated at Milwaukee, Wisconsin this 5th day of March, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge